NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000145
26-JUN-2015
08:06 AM**

NO. CAAP-13-0000145

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOSHUA JUAN WILHELM, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 12-1-1234)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Fujise and Reifurth, JJ.)

Defendant-Appellant Joshua Juan Wilhelm, aka Joshua J. Wilhelm, appeals from the Sentence; Notice of Entry filed on February 8, 2013, in the Family Court of the First Circuit ("Family Court").[1] Wilhelm was convicted of Abuse of Family or Household Member in violation of Hawaii Revised Statutes ("HRS") § 709-906(1) (Supp. 2012) and sentenced as a repeat offender pursuant to HRS § 709-906(5)(b) (Supp. 2012).[2]

---

[1] The Honorable Jeannette H. Castignetti presided.

[2] The repeat offender statute provides:

> (5)    Abuse of a family or household member and refusal to comply with the lawful order of a police officer under subsection (4) are misdemeanors and the person shall be sentenced as follows:
>
> > (a)    For the first offense the person shall serve a minimum jail sentence of forty-eight hours; and
> >
> > (b)    For a second offense that occurs within one year of the first conviction, the person shall be termed a "repeat offender" and serve a minimum

On appeal, Wilhelm contends that the Family Court erred by (1) denying his post-verdict motion for judgment of acquittal because, Wilhelm argues, there was insufficient evidence to support his conviction, and by (2) sentencing him as a repeat offender because he has no prior conviction for the same offense within one year of the instant conviction. Moreover, Wilhelm contends that the sentencing scheme for repeat offenders designated in HRS § 709-906(5)(b) is unconstitutional on its face and as it was applied to him. Wilhelm argues that the Hawaiʻi Supreme Court decision in *State v. Dudoit*, 90 Hawaiʻi 262, 978 P.2d 700 (1999), interpreting the meaning of "second offense" under the sentencing statute, was wrongly decided, and urges this court to overrule it.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wilhelm's points of error as follows and affirm:

(1) When the evidence adduced at trial is considered in the strongest light for the prosecution, we find that it was sufficient to support a prima facie case so that a reasonable mind might fairly conclude Wilhelm was guilty of Abuse of Family or Household Members beyond a reasonable doubt. *State v. Foster*, 128 Hawaiʻi 18, 25, 282 P.3d 560, 567 (2012) (quoting *State v. Timoteo*, 87 Hawaiʻi 108, 112-13, 952 P.2d 869, 869-70 (1997)).

It is well-settled that an appellate court will not pass upon issues that depend on the credibility of witnesses or the weight of the evidence, for this is the province of the fact-finder. *State v. Stanley*, 110 Hawaiʻi 116, 124, 129 P.3d 1144, 1152 (App. 2005) (quoting *State v. Mattiello*, 90 Hawaiʻi 244, 259, 978 P.2d 693, 697 (1999)). "The prosecution disproves a

---

jail sentence of thirty days.

> Upon conviction and sentencing of the defendant, the court shall order that the defendant immediately be incarcerated to serve the mandatory minimum sentence imposed; provided that the defendant may be admitted to bail pending appeal pursuant to chapter 804. The court may stay the imposition of the sentence if special circumstances exist.

Haw. Rev. Stat. § 709-906(5).

justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case." *State v. DeMello*, 130 Hawai'i 332, 338, 310 P.3d 1033, 1039 (App. 2013) (quoting *State v. Jhun*, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996)). "The mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." *State v. Veikoso*, 126 Hawai'i 267, 279, 270 P.3d 997, 1009 (2011) (quoting *State v. Eastman*, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996)).

Wilhelm had a child with the Complaining Witness ("CW") and lived with her at the time of the incident. According to the CW, the incident began after she noticed that money was missing from her wallet and confronted Wilhelm, who denied taking the money. The CW attempted to strike Wilhelm, but he avoided the blow and tackled her on the bed, where he laid on her with all his weight. The CW testified that she yelled at Wilhelm that she could not breathe, but Wilhelm only lifted himself off of the CW after ten to fifteen minutes. Wilhelm then punched the CW in the left side of the face, leaving her with a sore face and a swollen and cut lip. The CW stated that Wilhelm took away the telephone so she could not call the police, and prevented her from leaving by sitting in a chair that he placed in front of the door. After approximately thirty-five minutes, the CW testified that Wilhelm walked out and took their daughter with him. The CW packed her belongings and went down to the lobby of the building, retrieved her daughter, and walked to a bus stop at Fort Street. The CW then observed Wilhelm walking toward her, so she stopped at a pay telephone to call the police. When she told Wilhelm that she had called the police, he ran off.

Considering Wilhelm's conduct and the inferences fairly drawn from the circumstances surrounding the incident, we find that a reasonable trier of fact would have sufficient information to conclude that the CW was credible, that Wilhelm's claim of self-defense was not credible, and that Wilhelm acted intentionally, knowingly, or recklessly in punching the CW in the face, thereby constituting physical abuse within the meaning of HRS § 709-906. *See, e.g.*, *Eastman*, 81 Hawai'i at 141, 913 P.2d

at 67 ("[P]ersons of ordinary intelligence would have a reasonable opportunity to know that causing physical injury by punching someone in the face would constitute physical abuse." (citing *State v. Kameenui*, 69 Haw. 620, 623, 753 P.2d 1250, 1252 (1988))); *see also Foster*, 128 Hawai'i at 25, 282 P.3d at 567. Therefore, we hold that the Family Court did not err by denying Wilhelm's post-verdict motion for judgment of acquittal.

(2) Wilhelm claims that "[w]hen the trial court entered judgment on February 8, 2013, in the case at bar, the total elapsed time was 21 days past one year from the January 18, 2012 conviction to the February 8, 2013 conviction."[3] Moreover, he contends that "[s]erious constitutional questions are raised in sentencing a defendant as a repeat offender from the 'mere date of a second offense' within a year from the first conviction[,]" and "HRS § 709-906(5)(b) can only comport with notions of constitutionality if it is interpreted and is measured from a first conviction to a second conviction within a year rather than the 'mere date of a second offense' within a year."

At the time that *Dudoit* was decided, HRS § 709-906(5)(b) read: "For a second offense and any other subsequent offense that occurs within one year from the previous offense, the person shall be termed a 'repeat offender' and serve a minimum jail sentence of thirty days." 90 Hawai'i at 264 n.1, 978 P.2d at 702 n.1 (emphases omitted). In *Dudoit*, the majority held that the term "offense" was not equivalent to the term "conviction" for purposes of the statute. *Id.* at 269-70, 978 P.2d at 707-08. The dissent in *Dudoit* argued the opposite, however, applying reasoning that Wilhelm now urges this court to follow:

> [I]n considering whether to impose the enhanced sentencing provision of HRS § 706-906, the family court must necessarily consider a defendant's prior abuse convictions, as opposed to a defendant's prior charged "offenses." . . . . Otherwise, a defendant may be sentenced under the repeat offender provision [of HRS § 709-906] on the basis of a prior charge for which the defendant was not convicted. In other words, given the effect of the majority's position that a

---

[3]     The Record on Appeal contains a Judgment of Conviction as to Count 1 - Abuse of Family or Household Members; Notice of Entry filed on December 24, 2012, the same day that the jury reached its verdict.

4

conviction is irrelevant for purposes of sentencing a defendant under the repeat offender provision, the majority's definition of the term "offense" could very well include a situation where a defendant was previously charged but not convicted of an abuse charge.

*Id.* at 279, 978 P.2d at 717 (Ramil, J., dissenting).

To these concerns, the *Dudoit* majority clarified that:

In noting that an offense is committed at the time its elements occur, . . . we do not mean to imply that a prior offense may be proved, for purposes of enhancing the sentence [imposed for] a "second" or "subsequent" offense, in a manner other than through evidence of a conviction of the prior offense.

*Id.* at 274, 978 P.2d at 712 (emphasis omitted). Thus, under *Dudoit*, a "first offense" only qualifies under the repeat offender provision if there is proof of a conviction for that offense.

Moreover, any unconstitutional infirmity perceived by the dissent in *Dudoit* has since been remedied by statutory revision. In 2002, the Hawaiʻi Legislature amended HRS § 709-906(5)(b), changing the provision to read: "For a <u>second offense</u> that occurs within one year of the <u>first conviction</u>, the person shall be termed a "repeat offender" and serve a minimum jail sentence of thirty days." (emphasis added). 2002 Haw. Sess. Laws Act 5, § 1 at 54. This change eliminated any possible ambiguity that uncharged conduct would be considered as a first offense under HRS § 709-906(5)(b). Instead, the 2002 revisions required that the date of the first conviction be measured against the date of the second offense.

Wilhelm was only subject to HRS § 709-906(5)(b) upon his second conviction in the instant case and after proof of his first conviction for violating HRS § 709-906. The record shows that Wilhelm was first convicted of violating HRS § 709-906 on January 18, 2012. In the instant case, Wilhelm was convicted of violating HRS § 709-906 for an incident that occurred on March 4, 2012. Therefore, less than a year had passed since Wilhelm's first conviction and his second offense for violating HRS § 709-906. As such, the Family Court did not err by sentencing Wilhelm as a repeat offender under HRS § 709-906(5)(b).

Therefore,

IT IS HEREBY ORDERED that the Sentence; Notice of Entry, filed on February 8, 2013, in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, June 26, 2015.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge